**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

EDWARD HAROLD STEVENS WRIGHT, )
)
Plaintiff, )
)
v. ) Civil Action No. 25-1958
)
BOBBI JO ISENBERG; JUDGE DAVID H. ACKER, JUDGE ROBERT YEATTS, ATTORNEY WILLIAM CREIGHTON, ATTORNEY BRADLEY OLSON, GAL DEBORAH SHAW, LAWRENCE COUNTY DOMESTIC RELATIONS, BUTLER COUNTY CYS, BUTLER CITY POLICE DEPARTMENT, NEW CASTLE POLICE DEPARTMENT, DISTRICT ATTORNEY JOSHUA LAMANCUSA, and JOHN/JANE DOES, )
)
Defendants. )

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court are six motions and cross-motions that are pending in this case. The following Defendants and groups of Defendants have filed separate Motions to Dismiss pro se Plaintiff Edward Harold Stevens Wright's ("Plaintiff") Complaint, pursuant to Rules 12(b)(1), 12(b)(5), and/or 12(b)(6) of the Federal Rules of Civil Procedure ("Motions to Dismiss" or "Motions"): the Honorable David H. Acker, the Honorable Robert G. Yeatts, and the Lawrence County Domestic Relations Section; William Creighton; City of New Castle; Butler City Police Department; Bradley Olson, Jr.; and Deborah Shaw. (Docket Nos. 5, 11, 15, 17, 33, 36). Plaintiff has filed a number of briefs in opposition to Defendants' Motions, some Defendants have filed replies, and Plaintiff has filed some sur-replies. Plaintiff has also filed two cross-motions seeking leave to amend his complaint ("Motions to Amend"). (Docket Nos. 24, 31).

For the following reasons, the Court will dismiss the Complaint for failure to comply with

the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, Defendants' Motions to Dismiss will be granted to the extent they seek dismissal of Plaintiff's Complaint, and Plaintiff's Motions to Amend will also be granted.

## I. BACKGROUND

The Complaint in this case was filed on December 17, 2025. (Docket No. 1). Plaintiff's claims in this action appear to arise from domestic relations and custody proceedings in Pennsylvania state court. (Docket No. 1). In sum, Plaintiff contends that many individuals and entities – including state court judges, attorneys, law enforcement agencies, child welfare agencies, and private parties – coordinated in attempting to retaliate against him and interfere with his parental rights. (*Id.*). The Complaint, brief as it is, includes allegations of retaliatory child support actions, destruction of property, wrongful arrest, judicial misconduct, and a conspiracy involving extortion, coercion, and obstruction of justice, as well as a "murder-for-hire" plot and other criminal conduct. (*Id.*).

Plaintiff has brought suit here against various actors (not all of whom appear to have been served) who were involved in some way in the underlying dispute, including, among others: Court of Common Pleas Judges Acker and Yeatts, and the Lawrence County Domestic Relations Section; attorney William Creighton; Defendant City of New Castle, incorrectly identified as the New Castle Police Department; Butler City Police Department; Bradley Olson; and Deborah Shaw, who is the court-appointed guardian ad litem in the underlying state custody proceedings. The Complaint, which is extremely brief, includes the following causes of action: Count I – RICO (18 U.S.C. § 1962(c)); Count II – RICO Conspiracy (18 U.S.C. § 1962(d)); Count III – Retaliation and deprivation of Constitutional rights (42 U.S.C. § 1983); and Count IV – Conspiracy to deprive Plaintiff of Equal Protection (42 U.S.C. § 1985). (Docket No. 1 at 3). Plaintiff is seeking economic

losses including destroyed property value, wrongful arrest damages, damages for emotional distress and loss of relationship, punitive damages, and treble damages under RICO. (*Id.*).

As indicated above, a number of named Defendants have filed Motions to Dismiss the Complaint, and Plaintiff has filed two motions seeking leave to file an Amended Complaint. The motions are fully briefed and are ripe for disposition.

## II. DISCUSSION

The Court notes that Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of [a] claim showing that the pleader is entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, in determining the sufficiency of a pro so complaint, the Court must construe it liberally pursuant to Rule 8(a)(2) in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Furthermore, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (internal quotation marks and citation omitted).

Nevertheless, a pro se complaint is required to "set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (internal quotation marks and citation omitted). Additionally, a court need not accept legal conclusions disguised as statements of fact, unsupported conclusions, or unwarranted inferences. *See Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). "[A] pro se complaint must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (internal quotation marks and citation omitted). Therefore, "pro se litigants still must allege

sufficient facts in their complaints to support a claim," and "they cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (internal citations omitted).

In this case, Plaintiff's 3-page Complaint, which also includes 66 pages of attached documents that appear to be related to the underlying domestic relations/custody dispute, alleges the above-referenced four Counts against Defendants (seemingly as a group), although the specific factual allegations against the individual Defendants are quite sparse. (Docket No. 1). Upon review, the Court finds that Plaintiff's operative complaint does not comply with Rule 8(a)(2)'s requirement that Plaintiff provide "'a short and plain statement of the claim[s] showing that [he] is entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim[s] [are] and the grounds on which [the claims] rest[].'" *Twombly*, 550 U.S. at 555. For example, after providing an extremely short summary of his case, Plaintiff makes only very brief allegations regarding the actions of individual Defendants related to his domestic relations/custody dispute. (Docket No. 1 at 2-3). Plaintiff also sets forth his Counts with broad labels (such as "Count III – 42 U.S.C. § 1983, Retaliation and deprivation of constitutional rights (Hartman v. Moore)."), and he includes under each Count only a short conclusory statement identifying the claim (such as "Count IV – 42 U.S.C. § 1985, Conspiracy to deprive Plaintiff of equal protection."), or indicating that Defendants are liable for such Count (such as for Count II – RICO Conspiracy, "Defendants agreed to further the enterprise's objectives (Salinas v. United States)."). However, Plaintiff fails to aver additional facts to support such statements and to show that each Defendant is liable for each claim alleged against them.

Thus, Plaintiff makes no effort to elaborate upon the actions of the many individuals and entities involved in each of the alleged wrongs in order to establish particular claims against any

of them. Accordingly, at this juncture, it appears that Plaintiff may be attempting to connect any and all Defendants to the Counts in the Complaint by asserting that they were responsible as a group for the alleged actions underlying his claims. However, plaintiffs asserting civil rights violations cannot state claims for relief by alleging that named defendants wronged them as a group. *See Cheng v. Byrd*, Civ. Action No. 24-5345, 2024 WL 3873945, at *2 (D.N.J. Aug. 20, 2024). Instead, such plaintiffs must state a civil rights claim against each named defendant by specifically pleading how each defendant was personally involved in the alleged violations of rights. *See Chavarriaga v. N.J. Dep't of Corrs.*, 806 F.3d 210, 222 (3d Cir. 2015). Here, the Complaint does not include sufficient specific factual averments regarding Defendants to support each claim alleged against each Defendant. Therefore, the Court finds that the Complaint fails to provide Defendants with fair notice of what each claim against them is and on what factual grounds each claim is based, in accordance with the requirements of Rule 8(a)(2).

Because Plaintiff's Complaint fails to comply with the general pleading requirements of Rule 8(a)(2), Defendants' Motions to Dismiss will be granted. At this juncture, Plaintiff's claims against Defendants will be dismissed without prejudice to the filing of an Amended Complaint that adheres to the pleading requirements of Rule 8. *See Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018) (stating that if a civil rights complaint fails to state a claim, a district court must grant leave to amend unless such amendment would be futile or inequitable). Accordingly, Plaintiff's Motions to Amend will also be granted. However, Plaintiff will not be permitted to file the proposed Amended Complaint submitted with his motion (Docket 31 at 2-6), since that proposed complaint contains many of the same pleading deficiencies that are present in the Complaint. Rather, Plaintiff is instructed to consider the pleading deficiencies of the Complaint as discussed herein by the Court, and to consult the Federal Rules of Civil Procedure

and the Local Rules of the United States District Court for the Western District of Pennsylvania, and Plaintiff will be permitted to file an Amended Complaint that addresses such deficiencies.[1]

## III. CONCLUSION

For all these reasons, the Court will dismiss the Complaint for failure to comply with the pleading requirements of Rule 8(a)(2), Defendants' Motions to Dismiss will be granted to the extent they seek dismissal of Plaintiff's Complaint, and Plaintiff's Motions to Amend will also be granted. However, Plaintiff will not be permitted to file the proposed Amended Complaint included with his Motion to Amend (Docket No. 31), and instead Plaintiff is instructed that, if he wishes to amend his claims further, he may file an Amended Complaint that addresses the Complaint's pleading deficiencies identified above.

## ORDER OF COURT

AND NOW, this 22nd day of September, 2026, IT IS HEREBY ORDERED that, for the reasons set forth, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to comply with the pleading requirements of Rule 8(a)(2), and Defendants' Motions to Dismiss (Docket Nos. 5, 11, 15, 17, 33, 36) are GRANTED to the extent they seek dismissal of the

---

1 Furthermore, in filing an Amended Complaint, Plaintiff is advised to avoid submitting a "shotgun" pleading:

> A complaint constitutes an improper shotgun pleading where it "includes pleadings that contain multiple counts where each count adopts the allegations of all preceding counts and assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Milo, LLC v. Procaccino*, No. CV 16-5759, 2020 WL 1853499, at *10 (E.D. Pa. Apr. 13, 2020) (quoting *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017)) ([emphasis and internal quotation marks omitted]). While it is not the case that every complaint that asserts multiple claims against multiple defendants is a shotgun pleading, complaints will be assessed as improper shotgun pleadings where they fail to provide "defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* (quoting *M.B. v. Schuylkill Cty.*, 375 F. Supp. 3d 574, 587 (E.D. Pa. 2019) [(internal quotation marks omitted)]).

*Comer v. American Transmission Sys., Inc.*, No. CV 23-1464, 2025 WL 1530750, at *4 (W.D. Pa. May 29, 2025).

Complaint.

IT IS FURTHER ORDERED that Plaintiff's Motions to Amend (Docket Nos. 24, 31) are GRANTED, although Plaintiff is not permitted to file the proposed Amended Complaint included in his motion (Docket No. 31). Rather, if Plaintiff wishes to file an Amended Complaint to address the pleading deficiencies addressed in the Court's Memorandum above, he shall do so by **October 22, 2026**, in which case Defendant(s) shall respond thereto by **November 23, 2026**. If Plaintiff does not file an Amended Complaint by **October 22, 2026**, this case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: Edward Harold Stevens Wright (via U.S. Mail)
All counsel of record